IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| BAO LINH PHAM, | ) | |
| | ) | |
| Petitioner, | ) | CV 05-1072-PA |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES IMMIGRATION SERVICES, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

**PANNER, J.**

Petitioner Bao Linh Pham brings this petition for habeas corpus relief under 28 U.S.C. § 2241 against respondent "U.S. Immigration Services."[1] I grant the government's motion to dismiss without prejudice.

---

[1] Congress abolished the Immigration and Naturalization Service (INS) in 2003 and transferred its functions to the Department of Homeland Security. See Minasyan v. Gonzales, 401 F.3d 1069, 1072 n.4 (9th Cir. 2005).

1 - ORDER

## BACKGROUND

Petitioner is a citizen of Vietnam, born in 1973. He entered the United States as a refugee in 1979.

In December 1999, petitioner pleaded guilty in this court to bank fraud. He received a sentence of eighteen months in prison with five years of supervised release.

In January 2003, petitioner admitted violating the conditions of supervised release. Petitioner's supervised release was revoked and he was sentenced to nine months in prison. Fifty-one months remained on the term of supervised release.

In December 2003, petitioner admitted violating the conditions of supervised release. Petitioner's supervised release was revoked and he received a sentence of twelve months in prison. On release, petitioner had thirty-nine months remaining on his term of supervised release.

In January 2005, petitioner was arrested based on allegations that he had again violated the terms of supervised release. On February 23, 2005, petitioner's supervised release was revoked and petitioner was sentenced to ten months in prison. No further supervised release was imposed.

Petitioner is now serving the ten-month prison sentence at the Sheridan Federal Correctional Institution (FCI). He is scheduled for release on November 22, 2005.

In June 2001, an immigration judge ordered that petitioner be removed. On April 5, 2005, the Bureau of Immigration and Customs Enforcement (ICE) lodged an immigration detainer against petitioner with FCI Sheridan. Because of the immigration detainer, when petitioner is released from FCI Sheridan, he will be taken directly into ICE custody.

The government states that because Vietnam has no repatriation agreement with the United States, "it is reasonably foreseeable that [petitioner] will not be removed from the United States to Vietnam in the near future. In all likelihood, [petitioner] will be released from the custody of ICE and placed on ICE's Intensive Supervision and Appearance Program (ISAP)." Motion to Dismiss at 6.

## DISCUSSION

I agree with the government that this petition must be dismissed because it is not ripe. Petitioner will not be in the custody of ICE until November 22, 2005.

Ripeness is "'a question of timing.'" Bonnichsen v. United States, 969 F. Supp. 614, 619 (D. Or. 1997) (quoting Regional Rail Reorganization Act Cases, 419 U.S. 102, 140 (1974)). In determining ripeness, the court should consider constitutional and prudential factors. See Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). The constitutional inquiry looks to whether the issues are "'definite

3 - ORDER

and concrete,'" or "'hypothetical or abstract.'" Id. at 1139 (quoting Railway Mail Ass'n v. Corsi, 326 U.S. 88, 93 (1945)). The court's prudential inquiry focuses on "'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" Id. at 1141 (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967)).

Here, it would be premature to address petitioner's challenge to custody before he is actually in custody. Any ruling now would necessarily be based on speculation about the terms and conditions of custody. It is possible that petitioner will not be confined by ICE.

Because the issues raised by the petition are not ripe, I must dismiss for lack of subject matter jurisdiction. See United States v. Antelope, 395 F.3d 1128, 1132 (9th Cir. 2005) ("The constitutional component of ripeness is a jurisdictional prerequisite."). Dismissal is without prejudice.

The government also contends that as of now, the proper respondent is Charles A. Daniels, the warden at FCI Sheridan, who is petitioner's immediate custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 124 S. Ct. 2711, 2720 (2004). Because the petition is not ripe, it would be premature to resolve this issue. Cf. Padilla, 124 S. Ct. at 2718 n.8 (refusing to decide "whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation"); Somir v. United

States, 354 F. Supp. 2d 215, 217 (E.D.N.Y. 2005) (Attorney General is proper respondent in habeas petition brought by immigration detainee challenging removal).

**CONCLUSION**

The Government's Motion to Dismiss Petition for Writ of Habeas Corpus (#5) is granted.  The Petition (#1) is dismissed without prejudice.

IT IS SO ORDERED.

DATED this 25th day of August, 2005.

>  /s/ OWEN M. PANNER
>     OWEN M. PANNER
>  U.S. District Judge